**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**AMARILLO DIVISION**

| | | |
|---|---|---|
| **GARY ORVALL GARDNER, SR., *pro se*, and ELIZABETH DONLIN, *pro se*,** | § | |
| ***Plaintiffs*,** | § | |
| **vs.** | § | |
| **SANTOS GUERRERO, in his Official and Individual Capacities; and MCKAYLIE CAMPBELL, in her Official and Individual Capacities.** | § | **Civil Action No. 2:16-CV-062-J** |
| ***Defendants*.** | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendant Santos Guerrero and McKaylie Campbell's motion to dismiss all claims asserted herein against them pursuant to Rule 12(b)(1) and (b)(6) because of the Plaintiffs' claims are jurisdictionally barred and fail to state a claim upon which relief can be granted. No response to this motion has been filed, and the time in which Plaintiffs may timely respond has now long expired. For the following reasons, Defendant's motion is GRANTED.

Plaintiffs stated in their original complaint that they filed this federal civil rights lawsuit after bringing the same and similar claims against Defendants in state court. Plaintiffs stated that their state court case "went nowhere," so they filed this federal suit "simply updating the information in the first writ application in state court."

This case is an impermissible collateral attack on the state court's judgments. *See United States vs. Shepherd,* 23 F.3d 923, 924 (5th Cir. 1994)(where a federal court is "in essence being called upon to review the state-court decision," that court is "precluded" from such reviews)

(*citing District of Columbia Court of Appeals vs Feldman,* 460 U.S. 462, 482 n.16 (1983)). "A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief." *Id.* Federal courts do not set as appellate courts with jurisdiction over state courts' judgments.

In addition, to the extent that Plaintiffs sue *pro se* under the Fourth Amendment on behalf of their minor son, or one on behalf of the other adult, they do not have standing to assert those claims because neither is an attorney. *See Alderman vs Unites States,* 394 U.S. 165 (1969) ("[T]he general rule [is] that Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."); *Sprague vs. Texas Department of Family & Protective Services,* 547 Fed. App'x 507, 507-508 (5th Cir. 2013)("We affirm the district court's ruling on the narrow ground that because Sprague is proceeding *pro se,* she may not assert claims on behalf of her minor child.").

For all of the above-stated reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction is **GRANTED**.

All of the Plaintiffs' claims and causes of action against Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.

It is **SO ORDERED.**

Signed this the 18th day of January, 2017.

**MARY LOU ROBINSON**
Senior United States District Judge